**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Joseph Sahlberg,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-15-01815-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff John Joseph Sahlberg's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 15, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 19, "Def.'s Br."), and Plaintiff's Reply (Doc. 20, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.) and now reverses the Administrative Law Judge's decision (R. at 23-42) as upheld by the Appeals Council (R. at 1-7).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance on June 30, 2011, for a period beginning May 8, 2008. (R. at 177-78.) Plaintiff's claims were denied initially on November 8, 2011 (R. at 59-73), and on reconsideration on May 8, 2012 (R. at 76-94). Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on

March 20, 2014. (R. at 43-58.) On April 4, 2014, the ALJ denied Plaintiff's claims. (R. at 23-42.) On July 14, 2015, the Appeals Council upheld the ALJ's decision. (R. at 1-7.) The present appeal followed.

The Court has reviewed the voluminous medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering medical records and opinions from Dr. Anup Rai, Dr. Girolamo Arpino, Dr. Jose Pierrend, Dr. Hadi Najatian, Dr. Savitha Kayla, non-examining state agency reviewers Dr. Elliott Goytia and Dr. Maritja Orenstein, and state agency consulting examiner Dr. Brian Biggs, the ALJ found that Plaintiff has severe impairments that include chronic kidney disease with a history of kidney stones, obesity, osteoarthritis of the hips, history of diverticulitis, and obstructive sleep apnea. (R. at 28.)

## II.   ANALYSIS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

Plaintiff alleges two primary ALJ errors: (1) improperly rejecting the medical assessment of a treating physician, Dr. Arpino, and (2) improperly rejecting Plaintiff's symptom testimony without clear and convincing reasons. (Pl.'s Br. at 1.)

**A.    The ALJ Erred in Rejecting Dr. Arpino's Opinions**

Plaintiff alleges that each of the five reasons the ALJ provided for rejecting Dr. Arpino's opinion were insufficient. (Pl.'s Br. at 13.) Specifically, Plaintiff alleges that the ALJ's reasons were conclusory, cherry-picked—rather than holistic— mischaracterized the relevant evidence, or were otherwise legally improper or illogical. (Pl.'s Br. at 13-18.) In response, Defendant either conclusorily states that the ALJ's

reasoning is sufficient or reiterates much of the limited reasoning the ALJ provided. (Def.'s Br. at 9-10.) For various reasons, the Court agrees with Plaintiff.

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and quotation omitted). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* Even when contradicted, a treating physician's opinion is still owed deference and may be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Orn*, 495 F.3d at 633).

Although the parties devote substantial portions of their filings to the applicable standard, it is clear that Dr. Arpino's assessment was at least partially contradicted by state agency doctors. (*See* R. at 789-93.) Accordingly, the ALJ must provide specific and legitimate reasons for rejecting Dr. Arpino's assessment and support those reasons with substantial evidence in the record. *See Carmickle*, 553 F.3d 1164.

While the ALJ stated that Dr. Arpino's opinion was not supported by his own clinical findings or other objective evidence, he did not cite to any portion of the record or illustrate any inconsistencies therein. (R. at 34); *Montoya v. Colvin*, 649 F. App'x 429, 430 (9th Cir. 2016) (noting that ALJ did not provide any examples or cite any part of the record to support assertion that opinion was not substantiated by clinical findings but was required to provide a thorough summary of conflicting facts and clinical evidence); *Binford v. Colvin*, 113 F. Supp. 3d 1067 (W.D. Wash. 2015) (finding the ALJ failed to provide specific and legitimate reasoning for its conclusion by stating that the provider's opinions were inconsistent with the medical evidence and providing little to no further detail). While the ALJ noted that Dr. Arpino did not "explain what objective evidence he relied on in reaching the specific conclusion that the Plaintiff needs to lie down during the work day," the lack of evidence is generally not evidence itself. Moreover, the primary purpose of medical records is not to document a disability, and a physician,

1 unlike an ALJ, is not required to provide specific citation for each opinion, particularly
2 those supported by the record as a whole. *See Orn*, 495 F.3d at 634 ("The primary
3 function of medical records is to promote communication and recordkeeping for health
4 care personnel—not to provide evidence for disability determinations. We therefore do
5 not require that a medical condition be mentioned in every report to conclude that a
6 physician's opinion is supported by the record."). Even when the ALJ provided
7 specificity—only citing to two instances wherein the record contradicted Dr. Arpino's
8 assessment—he only found that the cited instances belied Dr. Arpino's assessment of
9 pain precipitated by movement/overuse that would interfere with attention and
10 concentration, not Dr. Arpino's entire assessment. (R. at 34.) The ALJ's limited
11 references to the medical record and conclusory statements are insufficient to reject
12 Dr. Arpino's opinion, giving it lesser weight. While unclear if Plaintiff alleges further
13 mistake by the ALJ regarding Dr. Arpino's opinion, the Court only finds error as set forth
14 above.

### B.     The ALJ Erred in Rejecting Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for rejecting portions of Plaintiff's symptom testimony. (Pl.'s Br. at 18-22.) Defendant argues that the ALJ's finding that Plaintiff was not entirely credible was supported by the evidence, primarily due to Plaintiff's work and travel history, internal inconsistencies, and lack of medical support. (Def.'s Br. at 4-7.) Again, the Court agrees with Plaintiff.

"[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). When evaluating a claimant's pain testimony where the claimant has produced objective medical evidence of an underlying

impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)).

At the outset, the Court must address the most glaring insufficiency that the ALJ provided in rejecting Plaintiff's symptom testimony—that Plaintiff continued to work until August 2009, long after his May 8, 2008 alleged onset date. (R. at 31.) The ALJ provided no citation to the record in support of this statement and Plaintiff affirmatively alleges—and provides evidence—that it is inaccurate. (Pl.'s Br. at 19; Reply at 7.) Plaintiff testified that he stopped working as a medical assistant in May *2008*, which coincides with his alleged onset date. (R. at 47.) Indeed, Plaintiff had no earnings in 2009. (R. at 182.) While the ALJ contradictorily acknowledged that Plaintiff was not substantially gainfully employed during the alleged disability period, the ALJ's reliance and citation to an incorrect employment date, alone, warrants remand for a correct determination of disability based on Plaintiff's actual employment history. Curiously, Defendant fails to respond to this mistake in its Response. (*See* Def.'s Resp. at 4-5.) Instead, Defendant simply states that Plaintiff "continued to work as a medical assistant in August 2009," without at all addressing the discrepancy. (Def.'s Resp. at 4.) Accordingly, Plaintiff's incorrect employment history cannot serve as a reason to discredit Plaintiff's symptom testimony under any standard.

The ALJ also failed to provide citation to the record or any specific reasoning in rejecting Plaintiff's symptom testimony. (*See* R. at 30 ("the claimaint's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision" without providing those explanations).) Although the ALJ does address Plaintiff's limited work activity and ability to travel (R. at 31), neither provide clear and convincing reasons for rejecting

Plaintiff's testimony. *See, e.g*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Plaintiff's sporadic work, which the ALJ admitted was "well below" substantial gainful activity (R. at 31), does not suggest the ability to perform substantial gainful activity, nor is it at odds with any of Plaintiff's symptom testimony. Intermittent cleaning of a church bathroom once a week or occasional random handyman assignments do not belie any of Plaintiff's testimony and the ALJ fails to explain the conflict. *See Lester*, 81 F.3d at 833 ("even the sporadic ability to work [is] not inconsistent with disability") Nor did the ALJ explain how Plaintiff's daily activities—cooking or shopping for two hours, or a singular trip to Illinois during the disability period—contradicts Plaintiff's alleged symptoms. Although Defendant argues that these activities are at odds with the testimony that Plaintiff could not stand or walk for more than short periods of time, it is unclear if or how those activities would require activity in contravention of either stated limitation. (Def.'s Br. at 6; R. at 31, 52-54, 225-26.) The ALJ equally fails to provide medical evidence that would serve to discount Plaintiff's testimony. While the ALJ summarized portions of the medical records that were alleged to contradict Plaintiff's testimony, several of those portions support Plaintiff's claims. Elsewhere, the ALJ has discounted that very same treatment. Simultaneous reliance on and rejection of certain evidence can result in circular analysis impossible for any claimant to meet. *Binford*, 113 F. Supp. 3d at 1075. Thus, Plaintiff's employment history, travel, reported daily activities, and medical treatment do not provide clear and convincing evidence for discounting his symptom testimony.

Finally, the ALJ also seemingly rejected Plaintiff's testimony because he "came to the hearing wearing supplemental oxygen," for which there is no medical recommendation. (R. at 31.) Once again, Plaintiff alleges—and provides evidence—that the statement is inaccurate. (Pl.'s Br. at 21.) Plaintiff testified that the device was a "med

1 back pump" used in response to complications from surgery. (R. at 51-52.) In his brief, Plaintiff asserts that the device was used in conjunction with in-home care with a special ostomy nurse post-surgery, which is also reflected in the medical record. (Pl.'s Br. at 21 (citing R. at 932).) Any discrediting of Plaintiff or Plaintiff's testimony based on this erroneous observation is also error.

The ALJ's finding that Plaintiff's symptoms testimony conflicted with the medical evidence and work history is unsupported by specific, clear, and convincing reasons. Instead, the ALJ mischaracterized the record in describing Plaintiff's employment history, medical records, daily activities, and testimony. Each cited instance, as is evident from the record, does not conflict with Plaintiff's testimony, and thus does not provide a basis for discounting Plaintiff's symptom testimony.

## C.    The Credit-As-True Rule Does Not Apply

Plaintiff asks that the Court apply the "credit-as-true" rule which would result in remand of Plaintiff's case for payment of benefits rather than remand for further proceedings. (Pl.'s Br. at 22.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ fails to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

1       Here, the ordinary remand rule applies. Plaintiff's claims involve evidentiary conflicts that must be resolved, particularly in light of this Court's determination that the ALJ erred in rejecting Plaintiff's symptom testimony and assigning little weight to the treating physician's opinion. Given these outstanding issues, it is evident that there is still uncertainty as to the outcome of the proceeding and the ALJ must re-determine Plaintiff's status based on, *inter alia*, Plaintiff's accurate employment and medical history and giving proper weight (or sufficient citation to the contrary) to Plaintiff's treating physician's opinion. Accordingly, the ordinary remand rule, not the credit-as-true rule, applies.

      **IT IS THEREFORE ORDERED** reversing the April 4, 2014, decision of the Administrative Law Judge, (R. at 23-42), and remanding this matter for further proceedings consistent with this Order.

      **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 27th day of March, 2017.

*[signature]*

Honorable John J. Tuchi
United States District Judge